```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

DENNIS L. WHITE,

                Petitioner,

vs.                              Case No.   5:10-cv-617-Oc-29DNF

JENNIFER JOYNT-SANCHEZ, Assistant
Public Defender,

                Respondent.
_____

## ORDER OF DISMISSAL

    This matter comes before the Court upon review of the file. On November 19, 2010, Petitioner Dennis White ("Petitioner" or "White"), who is deaf and mute inmate currently incarcerated within the Florida Department of Corrections at Marion Correctional Institution, initiated this action by filing a pleading entitled "Petition for Writ of Habeas Corpus Alleging Ineffective Assistance of Appellate Counsel Pursuant to Fla. R. App. P. 9.141(c)" (Doc. #1, "Petition").  To the extent discernable, it appears that Petitioner contends that his defense attorney was ineffective in his underlying criminal action, because she failed to request a reduced sentence for Petitioner due to his medical condition.  See generally Petition.  As relief, Petitioner seeks one-year placement in the "Addiction-Drug Recovery Network for the Deaf and Hard of Hearing" and one-year placement in "Transition Programs."  Id. at 4.

Subsequently, on December 23, 2010, Petitioner filed an "Amended Complaint" in the current action (Doc. #3, "Complaint") against Defendants Public Defender, Twelfth Judicial Circuit and Jennifer Joynt-Sanchez ("Sanchez"), Assistant Public Defender alleging "violations of [Plaintiff's] civil rights and a professional malpractice and abandonment case." Complaint at 1. White claims that Defendant Sanchez failed to provide him with "necessary assistance" while he was held in the Manatee County Jail. In particular, White alleges that Defendant Sanchez failed to get him a reduced sentence due to his drug addiction and failed to intervene with jail officials concerning "serious medical malpractice." Id. at 2. White seeks $500,000 in damages. Id. at 1.

Although it is not entirely clear whether White seeks to proceed on his Petition or his Complaint, it is clear that this action is subject to dismissal. At the outset, White did not pay the requisite filing fee or request to proceed *in forma pauperis* in this action. See generally docket. Local Rule 1.03(e) permits the Court to *sua sponte* dismiss any prisoner case "if the filing fee is not paid or if the application [to proceed *in forma pauperis*] is not filed within 30 days of the commencement of the action." White is aware of this requirement as he has commenced other actions in the Court. See case numbers 8:10-cv-795-T-27TGW, 8:10-cv-1806-T-23AEP, and 5:10-cv-412-Oc-26AEP.

Further, to the extent that White intends to proceed in this action on his Petition for Writ of Habeas Corpus, his Petition is not on the approved form, and should have been filed in the Tampa Division of this Court.[1] Consequently, it would be futile for this Court to direct White to file an amended Petition on the correct form.[2]

In the alternative, even if White wished to proceed on his Complaint, the civil rights action is nonetheless subject to dismissal. In order to state a claim under § 1983 action, a plaintiff must allege that (1) the person engaged in the conduct complained of was acting under color of state law; and, (2) that the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Defendant Sanchez, is not considered a "person"

---

[1] According to the Florida Department of Corrections Network, White was sentenced on March 24, 2010 to 3 years and 4 months incarceration for burglary and/or attempted burglary of an unoccupied structure in Manatee County, which is located within the venue of the Tampa Division of the Court.

[2] The Rules Governing Section 2254 cases, which have been adopted in this District, require that the petition be in substantially the form annexed to the rules. Rule 2(c), Rules Governing Section 2254 cases. As the Advisory Committee Note to Rule 2 explains, the use of a prescribed form was adopted for reasons of administrative convenience. Courts that have a large volume of habeas actions, as does this Court, save valuable time if they are not required to decipher lengthy and often illegible petitions. This saving is lost if Petitioner fails to use the form.

"acting under of color of state law" for the purposes of the § 1983. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981) (footnote omitted). Further, the alleged acts giving rise to Plaintiff's claim occurred while Plaintiff was being held in the Manatee County Jail, which is within the venue of the Tampa Division. Thus, any civil rights complaint challenging the conditions of White's confinement while he was held in the Manatee County Jail and should be filed in the Tampa Division. Indeed, the Court notes that White currently has a civil rights action pending in the Tampa Division in which he alleges an Eighth Amendment claim for deliberate indifference to his medical care stemming from his incarceration in Manatee County Jail. See 8:10-cv-795-T-27TGW, Amended Complaint (Doc. #30).

ACCORDINGLY, it is hereby

**ORDERED**:

1.  This action is **DISMISSED** without prejudice for the reasons set forth above.

2.  The Clerk of Court shall: (a) forward a blank Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 form to Plaintiff for his use should he wish to initiate a habeas petition challenging the fact or duration of his current confinement in the

Tampa Division; (b) terminate any pending motions; and, (c) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __25th__ day of January, 2011.

                                             _____
                                             JOHN E. STEELE
                                             United States District Judge

SA: hmk
Copies: All Parties of Record